**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TARA KOELKER and TINA PIEL,**
**on behalf of themselves and**
**a class of all others similarly situated,**

**Plaintiffs,**

**v.** **Case No.:**

**ALL WOOD CABINETRY, LLC**
**d/b/a IDEAL CABINETRY,**

**Defendant.**
**_______________________________________/**

**<u>CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND</u>**

Plaintiffs TARA KOELKER and TINA PIEL, ("Plaintiffs"), on behalf of themselves and all others similarly situated, sue Defendant All Wood Cabinetry, LLC d/b/a Ideal Cabinetry ("Defendant") and allege:

## I. NATURE OF THE ACTION

1. This is a civil action under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

2. Plaintiffs and the class they seek to represent are former employees who were assigned to, worked at, or reported to Defendant's facility at 210 Century Blvd., Bartow, Florida 33830 (the "Facility").

3. Defendant ordered the permanent closure of the Facility. It began terminating employees on or about November 16, 2026.

4. The WARN Act required Defendant to give 60 days' advance written notice of the plant closing. Defendant did not.

5. Plaintiffs seek, for themselves and each class member, back pay and benefits for each day of violation, up to 60 days, under 29 U.S.C. § 2104(a)(1), plus attorneys' fees and costs under 29 U.S.C. § 2104(a)(6).

6. Defendant also did not give employees the information the WARN Act requires when notice is shortened. The letter it gave them does not state a basis for reducing the notice period.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under a federal statute, the WARN Act. The WARN Act also authorizes this action in a federal district court. 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this District and Division under 29 U.S.C. § 2104(a)(5) because the violation occurred here and Defendant transacts business here.

9. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District. The plant closing occurred at the Facility in Bartow, Polk County, Florida, which lies within the Tampa Division. Assignment to the Tampa Division is proper under Local Rule 1.04, M.D. Fla.

## III. PARTIES

10. Plaintiff Koelker is a resident of the Middle District of Florida, Tampa Division.

11. Plaintiff Piel resides in Bartow, Polk County, Florida, within the Middle District of Florida, Tampa Division.

12. Plaintiff Koelker worked for Defendant and was assigned to, worked at, or reported to the Facility as a Customer Care Senior Advocate from October 23, 2023 until November 16, 2026.

13. Plaintiff Piel worked for Defendant and was assigned to, worked at, or reported to the Facility as an Accounts Receivable/Staff Accountant initially as a temporary employee in March of 2021 and as full-time employee from September 2021 until November 16, 2026.

14. Defendant All Wood Cabinetry, LLC d/b/a Ideal Cabinetry ("Ideal Cabinetry") is a Florida limited liability company which operated the Facility.

15. Defendant terminated Plaintiffs without cause in November 2026 as part of the plant closing at the Facility.

16. Each Plaintiff is an "affected employee" and an "aggrieved employee" within the meaning of 29 U.S.C. §§ 2101(a)(5) and 2104(a)(7).

## IV. FACTUAL ALLEGATIONS

### A. The Closing and the Written Notice

17. Defendant operated a cabinet warehousing, assembly, and manufacturing business at the Facility.

18. By written notice dated Sunday, November 15, 2026 (the "Notice"), Defendant informed the Florida Department of Commerce Rapid Response

Coordinator and the Mayor of Bartow, Tanya Tucker, that it would permanently close the Facility. A copy of the Notice is attached as Exhibit A.

19. The Notice stated that all operations at the Facility would cease.

20. The Notice stated that 165 employees would lose their jobs: 78 in warehousing and assembly; 36 in administrative positions; 14 in manufacturing; 11 in sales; 6 each in maintenance, accounting, and information technology; and 4 each in engineering and management operations.

21. The Notice stated that the affected employees are not represented by a union. The WARN Act therefore required written notice to each affected employee. 29 U.S.C. § 2102(a)(1). The Notice was addressed only to the Rapid Response Coordinator and the Mayor.

22. According to the Notice, separations began the next day, Monday, November 16, 2026, and the final separations would occur on or about December 4, 2026.

23. To give 60 days' notice before the first separations on November 16, 2026, Defendant had to give written notice by about September 17, 2026.

24. Defendant gave the Notice one day before the first separations and 19 days before the final separations.

**B. No Exception Excuses the Short Notice**

25. The Notice claimed that "unforeseeable business circumstances" caused the closing. It cited (a) a denial of additional financing on November 12, 2026; (b) a threat of new 50% tariffs on goods from Mexico; (c) a sudden and severe

drop in sales; (d) anti-dumping duties; and (e) an overall economic downturn. It stated that notice was "being provided as soon as possible following that event."

26. On information and belief, Defendant's financial decline, the tariff risk, the existing anti-dumping duties, and the economic conditions cited in the Notice developed over months. They were reasonably foreseeable well before September 17, 2026.

27. On information and belief, Defendant sought additional financing because it was already in financial distress. The need to seek new financing shows that Defendant foresaw the risk of closing before the financing was denied.

28. A threatened tariff is not a sudden, dramatic, and unexpected action or condition outside the employer's control. Tariff threats and existing anti-dumping duties are public, ongoing trade conditions that a similarly situated cabinet company exercising commercially reasonable business judgment would monitor and anticipate.

29. Even if an exception applied, Defendant did not give as much notice as was practicable, as 29 U.S.C. § 2102(b)(3) requires.

30. Defendant knew of the facts that led to the closing well before November 15, 2026, and could have given notice sooner. By the Notice's own account, financing was denied on Thursday, November 12, 2026. Yet Defendant did not date the Notice until Sunday, November 15, 2026, and gave employees no advance notice at all.

31. The employer bears the burden of proving that the conditions for any exception have been met. 20 C.F.R. § 639.9.

**C. What Defendant Told Its Employees**

32. On information and belief, on or about November 16, 2026, Defendant gave employees an undated letter headed "To Our Ideal Family" and signed only "The Ideal Team." It stated that Ideal Cabinetry "has closed its doors for good." A copy is attached as Exhibit B.

33. The letter blamed a drop in sales, the threat of additional tariffs, and "new anti-dumping duties." It did not mention the denial of financing on which the Notice relied.

34. The letter stated that employees would be paid through November 20, 2026, that final paychecks would issue November 27, 2026, and that health insurance would end November 30, 2026.

35. The letter was not a WARN Act notice. It gave no advance notice.

36. The letter also omitted: (a) a brief statement of the basis for reducing the notice period, 29 U.S.C. § 2102(b)(3); (b) the expected date the closing would begin and the employee's expected separation date; (c) whether bumping rights existed; and (d) the name and telephone number of a company official to contact. 20 C.F.R. § 639.7(d).

37. On information and belief, Defendant gave employees no other written notice that supplied this information. Because it did not give them the statement that § 2102(b)(3) requires, Defendant may not rely on any exception in § 2102(b) to reduce the notice period.

**D. Coverage and Employment Losses**

38. All affected employees were assigned to, worked at, reported to, or received work assignments the Facility.

39. The Facility is a "single site of employment" within the meaning of 29 U.S.C. § 2101(a)(2) and 20 C.F.R. § 639.3(i).

40. At all relevant times, Defendant employed 100 or more employees, excluding part-time employees, or 100 or more employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime. 29 U.S.C. § 2101(a)(1); 20 C.F.R. § 639.3(a)(1).

41. The Facility closing was a permanent shutdown of a single site of employment.

42. The closing caused an employment loss at the Facility for 50 or more employees, excluding part-time employees, during a 30-day period beginning on or about November 16, 2026.

43. The terminations were not discharges for cause, voluntary departures, or retirements. Each was an "employment loss" under 29 U.S.C. § 2101(a)(6).

44. In the alternative, the terminations were a "mass layoff" because, during a 30-day period, at least 50 employees and at least 33 percent of the employees at the Facility, excluding part-time employees, suffered an employment loss. 29 U.S.C. § 2101(a)(3). Employment losses within any 90-day period may be aggregated as provided in 29 U.S.C. § 2102(d).

45. Defendant did not pay affected employees their wages and benefits for the 60-day violation period. The letter to employees stated that they would be paid only through November 20, 2026.

46. Defendant will end employer-paid health and other benefit plan coverage for affected employees on November 30, 2026, which is before the end of the 60-day violation period.

47. Defendant did not act in good faith and did not have reasonable grounds for believing that its failure to give 60 days' notice complied with the WARN Act.

## V. CLASS ACTION ALLEGATIONS

48. Plaintiffs bring this action under Federal Rule of Civil Procedure 23(a) and (b)(3) and 29 U.S.C. § 2104(a)(5), on behalf of themselves and this class (the "Class"):

> All persons employed by Defendant who were assigned to, worked at, reported to, or received work assignments from the Facility, including remote employees, and who suffered an employment loss, other than a discharge for cause, voluntary departure, or retirement, within 90 days before or after November 16, 2026, as part of or as the reasonably foreseeable result of the plant closing or mass layoff at the Facility, without 60 days' advance written notice, and who do not timely opt out.
>
> Excluded from the Class are the persons who made the closing decision.

49. **Numerosity.** The Class has about 165 members, according to the Notice. Joinder of all members is impracticable.

50. Class members' names, last known addresses, dates of employment, and rates of pay are in Defendant's business records. Class members can be identified and notified from those records.

51. **Commonality.** Questions of law and fact common to the Class include:

a. whether Defendant is a covered employer that ordered a plant closing or mass layoff at the Facility;

b. whether Defendant failed to give each class member 60 days' advance written notice that complied with 29 U.S.C. § 2102 and 20 C.F.R. § 639.7;

c. whether any statutory exception applies, and whether Defendant gave as much notice as was practicable with a brief statement of the basis for reducing the notice period;

d. whether Defendant can prove good faith and reasonable grounds for any reduction of liability under 29 U.S.C. § 2104(a)(4); and

e. the formula for computing each class member's back pay and benefits under 29 U.S.C. § 2104(a)(1).

52. **Typicality.** Plaintiffs' claims are typical of the Class. Each Plaintiff was assigned to, worked at, reported to, or received work assignments from the Facility, lost her job in the same plant closing, received the same deficient notice, and seeks the same statutory remedy.

53. **Adequacy**. Plaintiffs will fairly and adequately protect the interests of the Class. They have no interests that conflict with the Class. They worked in different functions, customer care and accounting. They have retained counsel experienced in WARN Act class action litigation. Counsel have investigated these claims, including by obtaining the Notice and the letter to employees and by interviewing former employees. Ryan D. Barack and Michelle Erin Nadeau are Board Certified in Labor and Employment Law by The Florida Bar; have served or currently on the Executive Council of the Bar's Labor and Employment Law Section; are past chair of the Bar's Labor and Employment Law Certification Committee; and have represented multiple classes of employees in WARN Act litigation in Florida. Counsel are based within the Tampa Division, and will commit the resources needed to represent the Class.

54. **Predominance**. The common questions predominate over any individual questions. Defendant's liability turns on uniform conduct: one closing decision, one Notice, one letter to employees, and one failure to give timely notice. Damages follow a statutory formula applied to payroll and benefit data in Defendant's records.

55. **Superiority**. A class action is superior to other methods of resolving this controversy. Each class member's claim is small compared to the cost of suing a corporate employer alone. Most class members recently lost their jobs and lack the resources to bring separate suits. Separate suits would risk inconsistent rulings on the same facts. Concentrating the claims in this Court, where the Facility was located, is efficient and fair.

## VI. COUNT I: VIOLATION OF THE WARN ACT, 29 U.S.C. § 2102

56. Plaintiffs reallege paragraphs 1 through 55.

57. Defendant is, and at all relevant times was, an "employer" within the meaning of 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a).

58. Defendant ordered a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2): the permanent shutdown of a single site of employment that resulted in an employment loss for 50 or more employees, excluding part-time employees, during a 30-day period. In the alternative, it ordered a "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(3).

59. Plaintiffs and class members suffered an "employment loss" within the meaning of 29 U.S.C. § 2101(a)(6).

60. Plaintiffs and class members were "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) because they could reasonably be expected to experience an employment loss as a result of the plant closing or mass layoff.

61. Plaintiffs and class members are "aggrieved employees" within the meaning of 29 U.S.C. § 2104(a)(7) because they worked for Defendant and did not receive timely notice as section 2102 requires.

62. Defendant violated 29 U.S.C. § 2102(a) by ordering the plant closing or mass layoff without serving 60 days' advance written notice on each affected employee. It also violated § 2102(a)(2) by failing to give 60 days' notice to the State's rapid response entity and the chief elected local official.

63. No exception under 29 U.S.C. § 2102(b) excuses Defendant's failure. Defendant bears the burden of proving any exception. 20 C.F.R. § 639.9.

64. Under 29 U.S.C. § 2104(a)(1), Defendant is liable to each class member for:

a. back pay for each day of violation, at a rate of compensation not less than the higher of (i) the average regular rate the employee received during the last 3 years of employment or (ii) the employee's final regular rate; and

b. benefits under an employee benefit plan described in 29 U.S.C. § 1002(3), including the cost of medical expenses incurred during the employment loss that would have been covered under the plan had the employment loss not occurred.

65. This liability is calculated for the period of the violation, up to a maximum of 60 days, but not more than one-half the number of days the employee was employed by Defendant. 29 U.S.C. § 2104(a)(1).

66. Because Defendant gave no compliant notice to class members, the violation period for each class member is 60 days.

67. Plaintiffs allege that back pay is owed for each calendar day in the 60-day violation period. For salaried class members, the daily rate is the annual salary divided by 365. In the alternative, if the Court measures back pay by work days, Plaintiffs seek back pay for each day that each class member would have worked during the 60-day violation period.

68. Any reduction of liability under 29 U.S.C. § 2104(a)(2) is limited to amounts Defendant actually paid to or for class members as described in that subsection.

69. Defendant is not entitled to a good-faith reduction under 29 U.S.C. § 2104(a)(4).

70. Plaintiffs and the Class are entitled to a reasonable attorneys' fee as part of the costs. 29 U.S.C. § 2104(a)(6).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, request that the Court:

A. certify this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) and direct notice to the Class under Rule 23(c)(2);

B. designate Plaintiffs as class representatives;

C. appoint Ryan Barack and Michelle Nadeau of Kwall Barack Nadeau PLLC as interim class counsel under Federal Rule of Civil Procedure 23(g)(3) and as class counsel under Rule 23(g);

D. declare that Defendant violated the WARN Act;

E. enter judgment against Defendant, in favor of each class member for back pay and benefits for each day of violation, up to 60 days, under 29 U.S.C. § 2104(a)(1)(A) and (B);

F. award pre-judgment and post-judgment interest as allowed by law;

G. award reasonable attorneys' fees and costs under 29 U.S.C. § 2104(a)(6); and

H. grant such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: November 25, 2026

Respectfully submitted,

/s/ Ryan D. Barack

Ryan D. Barack, B.C.S. (Labor & Employment)
LEAD COUNSEL
Florida Bar No. 0148430
Primary: rbarack@employeerights.com
Secondary: jackie@employeerights.com
Michelle Nadeau, B.C.S. (Labor & Employment)
Florida Bar No. 0060396
Primary: mnadeau@employeerights.com
Secondary: jackie@employeerights.com
KWALL BARACK NADEAU PLLC
304 S. Belcher Road, Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax

Counsel for Plaintiffs and the Putative Class